NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA HALL ABBOTT, as Decedent's Representative,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, HACKENSACK UNIVERSITY MEDICAL CENTER, and RICHARD ROSENBLUTH, M.D.,<br><br>Defendants. | Civil Action No.: 16-cv-693<br><br>OPINION |

**CECCHI, District Judge.**

**I.  INTRODUCTION**

This matter comes before the Court on the motions of Defendants Hackensack University Medical Center ("HUMC") (ECF Nos. 20, 24) and Richard Rosenbluth, M.D. ("Rosenbluth")[1] (ECF No. 23) to dismiss the Amended Complaint for lack of standing under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff Patricia Hall Abbott ("Plaintiff") is proceeding pro se. The Court has considered the submissions made in support of and in opposition to the instant motions. The motions are decided without oral argument under Fed. R. Civ. P. 78(b).[2] For the reasons set forth below, the motions to dismiss for lack of standing are GRANTED, mooting the motions to dismiss for failure to state a claim.

---

[1] In certain papers, Defendants HUMC and Rosenbluth are incorrectly sued herein as "Hackensack Medical Center" and "Robert Rosenbluth, M.D." respectively.

[2] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991).

1

## II. BACKGROUND

This case concerns the death of Plaintiff's father ("Decedent"), a New Jersey resident who died allegedly because Rosenbluth injected him with Lupron, a drug manufactured by Defendant Abbott Laboratories ("Abbott Laboratories"),[3] while Decedent was hospitalized at HUMC. (Am. Compl. at 1). Plaintiff brings claims including wrongful death, "failure to produce medical records" "[p]ursuant to N.J.A.C.8:43G-15.3 and NJAC.13:35-6.5" (id. at 6), and various statutory and common law torts. Plaintiff commenced this action as a pro se litigant on February 8, 2016. (ECF No. 1). On April 15, 2016, an attorney filed a notice of appearance on Plaintiff's behalf. (ECF No. 3). Plaintiff, through this attorney, filed the Amended Complaint on September 6, 2016. Plaintiff is no longer represented by this attorney, and is proceeding pro se. (ECF No. 19).

In the Amended Complaint, Plaintiff purports to bring this action solely on behalf of the Decedent, rather than in her individual capacity. Plaintiff is captioned "Patricia Hall Abbott, as Decedent's Representative," and she claims to be "authorized to bring this action on Decedent's behalf by Bergen County Surrogate's Court Order." (Am. Compl. at 1). The reference to a court order appears to refer to a "Judgment of Legal Incapacity and Consent Judgment Appointing Guardians" issued on April 6, 2015 by Judge Robert F. Contillo of the Superior Court of New Jersey, Bergen County, Chancery Division, Probate Part. (ECF No. 25-2 Ex. A). This order appoints several co-guardians for Plaintiff's mother, an incapacitated person, including Plaintiff herself. (Id.) Specifically, it appoints Plaintiff "Special Guardian for the sole and limited purpose of commencing and participating in a claim or lawsuit on behalf of [Plaintiff's mother] against the manufacturer of the drug Lupron to the extent that it had a causal relationship to the damages related to the medical decline of the husband of [Plaintiff's mother], [Decedent]." (Id. ¶ 2).

---

[3] Abbott Laboratories has not appeared in this case and is not a party to the present motions.

It is undisputed that Plaintiff is not the executor or administrator of Decedent's estate. (ECF No. 32 ("[A]t no time have I or my attorney . . . ever stated or suggested that I am the executor of my father's estate; that was never the legal basis of this suit[.]"); accord ECF No. 38).

The parties appear to agree New Jersey state substantive law applies to this action.

## III. LEGAL STANDARD

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Lance v. Coffman, 549 U.S. 437, 439 (2007). One key aspect of this case-or-controversy requirement is standing. Id. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 360 (3d Cir. 2014). To establish standing, a plaintiff must satisfy a three-part test, showing: (1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court. Nat'l Collegiate Athletic Ass'n v. Gov. of N.J., 730 F.3d 208, 218 (3d Cir. 2013) (citing Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing" the elements of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Injury is the "[f]irst and foremost" of these three elements. Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 103 (1998). An injury "must affect the plaintiff in a personal and individual way[,]" and "must actually exist[,]" that is, be "real, and not abstract." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016) (internal quotations omitted).

## IV. DISCUSSION

Defendants argue Plaintiff lacks standing because she did not personally suffer a legally cognizable injury. The Court agrees.

It does not appear that the Amended Complaint asserts claims based on legally cognizable injuries Plaintiff personally suffered. She does not sue in her individual capacity and does not, except in wholly conclusory fashion, articulate damages specific to her resulting from her father's death, such as expenses incurred, or loss of consortium or support.[4] Besides Decedent's death, the only injury described in the Amended Complaint is Plaintiff's failure to receive Decedent's medical records. (Am. Compl. at 6 ("By reason of its breach of duty, [HUMC] actually and proximately caused harm to Plaintiff by preventing her from filing a lawsuit against Abbott Labs."); id. at 13-14 ("Plaintiff suffered loss by Decedent's death as well as by the wron[g]ful refusal to produce medical records.")). But even this injury is articulated only in terms of Plaintiff's inability to pursue a lawsuit to vindicate injuries her father suffered. Therefore, Plaintiff pleads no "particularized" injury to herself. See Spokeo, Inc., 136 S. Ct. at 1548.

Instead, Plaintiff purports to bring this action on behalf of her father, Decedent, as the real party in interest. Decedent was undoubtedly injured. However, under the Federal Rules of Civil Procedure, Plaintiff cannot sue on behalf of the real party in interest unless she is an executor,

---

[4] The Court expresses no opinion as to whether Plaintiff would state a claim for such damages. The Court notes that, although the New Jersey Wrongful Death Act, N.J.S.A. 2A:31-1 et seq., "seeks recompense for the losses suffered by the survivors as a result of the decedent's death[,]" Johnson v. Dobrosky, 187 N.J. 594, 605 (2006), such an action must be brought by either "an administrator ad prosequendum of the decedent" or the executor or administrator of the decedent's estate. N.J.S.A. 2A:31-2; Kern v. Kogan, N.J. Super. 459, 473 (App. Div. 1967). To be an administrator ad prosequendum, a litigant must be granted "letters of administration ad prosequendum by the surrogate's court. N.J.S.A. 3B:10-11; Krishanthi v. Rajaratnam, No. 09-cv-5395, 2010 WL 3429529, at *15 (D.N.J. Aug. 26, 2010). Plaintiff does not claim she is an administrator ad prosequendum or that she was issued the required letters of administration.

4

administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for another's benefit, or a party authorized by statute. Fed. R. Civ. P. 17(a)(1). Plaintiff is none of these things to Decedent. Moreover, under New Jersey law, any causes of action Decedent had prior to his death passed to his estate when he died, such that only the administrator or executor of Decedent's estate now has standing to bring them. See McGhee v. Sanders, No. 12-cv-7955, 2013 WL 785084, at *2 n.8 (D.N.J. Feb. 28, 2013) (citing N.J.S.A. 2A:15-3); Krishanthi, 2010 WL 3429529, at *15. Thus, Plaintiff cannot sue on her father's behalf.

The Amended Complaint cites the order granting Plaintiff co-guardianship of her mother as "authoriz[ing]" her to bring this action. (Am. Compl. at 1). This order does grant Plaintiff guardianship for the purposes of "commencing and participating in a claim or lawsuit on behalf of [Plaintiff's mother]." (ECF No. 25-2 Ex. A ¶ 2). Plaintiff reiterates this argument in opposition to the present motions. (ECF No. 25-1 at 3 ("In April of 2015, I was awarded guardianship of my mother along with 3 of my siblings, authorizing me to file a lawsuit as my mother's guardian with respect to my father's death.")). But Plaintiff brought this lawsuit on behalf of her father, not her mother—indeed, the Amended Complaint does not purport to bring this action on Plaintiff's mother's behalf, or seek damages particular to Plaintiff's mother. Thus, this order grants Plaintiff no legal status that would allow her to sue on her father's behalf under Fed. R. Civ. P. 17(a)(1).

Accordingly, Plaintiff lacks standing, depriving this Court of subject matter jurisdiction.

## V. CONCLUSION

For the foregoing reasons, the motions of Defendants HUMC (ECF No. 24) and Rosenbluth (ECF No. 23) to dismiss for lack of subject matter jurisdiction are GRANTED. The motions to dismiss for failure to state a claim (ECF Nos. 20, 23) are thus DENIED without prejudice as moot.

As the Court lacks subject matter jurisdiction over this case, it is obligated to dismiss the Amended Complaint as to Abbott Laboratories as well. See Fed. R. Civ. P. 12(h)(3).

Plaintiff's Amended Complaint is thus DISMISSED WITHOUT PREJUDICE in its entirety. However, the Court grants Plaintiff 30 days from the date of this Opinion to file a second amended complaint to address the pleading deficiencies described herein.

An appropriate Order accompanies this Opinion.

CLAIRE C. CECCHI, U.S.D.J.

Dated: August 22, 2017